**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4057**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FILIBERTO GOMEZ-ZUNUN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:17-cr-00543-RMG-1)

Submitted:  October 10, 2018                    Decided:  October 22, 2018

Before NIEMEYER, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Nick Bianchi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Filiberto Gomez-Zunun pled guilty, pursuant to a written plea agreement, to entering and being found in the United States after having been previously removed, in violation of 8 U.S.C. § 1326(a) (2012), and possession of a firearm and ammunition by an alien unlawfully present in the United States, in violation of 18 U.S.C. § 922(g)(5) (2012). Gomez-Zunun reserved the right to appeal the district court's order denying his motion to suppress the firearm and ammunition seized by law enforcement officers during a warrantless search of his residence on April 25, 2017. On appeal, Gomez-Zunun argues that the officers' entry onto his property violated his Fourth Amendment rights and that his wife did not voluntarily consent to the search. We affirm.

"When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo." *United States v. Lull*, 824 F.3d 109, 114 (4th Cir. 2016) (internal quotation marks omitted). "[W]e must construe the evidence in the light most favorable to the prevailing party and give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *Id.* at 114-15 (internal quotation marks omitted). "When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (brackets and internal quotation marks omitted).

The testimony at the suppression hearing established that four Immigration and Customs Enforcement agents and several Berkeley County's Sheriff's deputies went to

2

Gomez-Zunun's home at approximately 6:15 a.m. on April 25, 2017, after receiving information that he was in the country illegally and possibly possessed firearms. It was dark outside when the agents arrived, and the lights were off in the residence. The agents wore jeans, t-shirts, bulletproof vests, and side arms. Two agents climbed the front steps and knocked on the front door several times. Gomez-Zunun's wife Sherry Zunun eventually came to the door, and the agents asked her if they could come inside. They did not tell her why they were there or that she had the right to refuse their request. Ms. Zunun gave the agents oral consent to come inside, and they entered the living room.

The agents testified that, once inside the living room, Ms. Zunun told them her husband was at work and that she gave oral consent to do a protective sweep of the residence to ensure that no one else was home. The agents conducted the sweep, found nothing, and returned to the living room. According to the agents, after the lead agent saw a holster and several magazines of ammunition on the living room sofa, Ms. Zunun told them that her husband kept a firearm in the bedroom and gave them oral consent to search for the firearm, which they found on the floor of the bedroom partially underneath the bed. After the agents seized the firearm, Ms. Zunun signed a form stating that she consented to the search of the residence.

Ms. Zunun testified that, although she gave the agents oral consent to enter the residence, she felt she had no choice but to let them in because they were law enforcement officers. She denied giving the agents oral consent either to conduct a protective sweep or to search the bedroom for firearms. She acknowledged signing the

3

written consent form, but she stated that she did so because it was early in the morning and she was upset. She confirmed that the agents were never rude or aggressive.

The district court credited the agents' testimony, found that Ms. Zunun gave the agents oral consent to enter the residence, do a protective sweep, and search the bedroom for firearms, and denied the motion to suppress. Gomez-Zunun challenges on appeal the court's denial of his suppression motion.

Gomez-Zunun first contends that Ms. Zunun's consent is invalid because the agents' entry onto the curtilage of his residence was itself unconstitutional under *Florida v. Jardines*, 569 U.S. 1 (2013). Contrary to Gomez-Zunun's contention, he did not make this argument below as a separate basis for suppressing the evidence. Accordingly, our review is only for plain error. *United States v. Cohen*, 888 F.3d 667, 678, 685 (4th Cir. 2018) (discussing standard of review).

Our review of the record on appeal leads us to conclude that Gomez-Zunun fails to establish error, plain or otherwise, in the district court's failure to sua sponte suppress the evidence on the ground that the agents' entry onto his property was unconstitutional. The record does not suggest that the officers' "behavior objectively reveal[ed] a purpose to conduct a search." *Jardines*, 569 U.S. at 10; *see Westfall v. Luna*, __ F.3d __, __, No. 16-11234, 2018 WL 4353881, at *7 (5th Cir. Sept. 13, 2018) ("recogniz[ing] . . . knock-and-talk strategy as a reasonable investigative tool when officers seek to gain an occupant's consent to search or when officers reasonably suspect criminal activity" (internal quotation marks omitted)). Moreover, Gomez-Zunun's reliance on *United*

4

*States v. Lundin*, 817 F.3d 1151 (9th Cir. 2016), is misplaced as the facts in *Lundin* are distinguishable from the facts in this case.

Next, Gomez-Zunun argues that his wife did not voluntarily consent to the search of the mobile home. "The Fourth Amendment protects against unreasonable searches and seizures. Searches without probable cause are presumptively unreasonable, but if an individual consents to a search, probable cause is unnecessary." *United States v. Robertson*, 736 F.3d 677, 679 (4th Cir. 2013) (citation and internal quotation marks omitted); *see Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (recognizing that consent is "one of the specifically established exceptions to the requirements of both a warrant and probable cause"). Whether a person "freely and voluntarily" gave consent to search or did so due to "duress or coercion" is a question of fact that we review for clear error. *Bustamonte*, 412 U.S. at 227; *Robertson*, 736 F.3d at 680; *United States v. Lattimore*, 87 F.3d 647, 650 (4th Cir. 1996) (en banc).

"We . . . look[] to the totality of the circumstances" to determine the voluntariness of a consent to search. *Robertson*, 736 F.3d at 680 (setting forth factors courts consider and citing *Lattimore*, 87 F.3d at 650). Whether the officers informed the person searched "of [the] right to decline . . . is a highly relevant factor." *Id.* (internal quotation marks omitted). But "the Government need not demonstrate that the [person searched] knew of [the] right to refuse consent to prove that the consent was voluntary." *Lattimore*, 87 F.3d at 650; *see Bustamonte*, 412 U.S. at 247.

We conclude that the district court did not clearly err in finding that Ms. Zunun freely and voluntarily gave the agents consent to enter the residence, conduct a protective

5

sweep, and search the bedroom for firearms. Gomez-Zunun argues that the time of the encounter, the number of law enforcement officers present, and the facts that the agents were armed and wore bulletproof vests and never told his wife that she had the right to refuse consent weigh against a finding of voluntariness. However, Ms. Zunun confirmed that the agents never acted aggressively or coercively and did not detain or arrest her, and nothing in the record suggests that any of her personal characteristics made her particularly susceptible to coercion. Moreover, the district court had the opportunity to observe Ms. Zunun's testimony and is in the best position to assess the credibility of her testimony that she felt that she had no choice but to let the agents into the residence. *See United States v. Hill*, 649 F.3d 258, 267 (4th Cir. 2011) ("District courts are given deference where their determination on the issue of consent is based on oral testimony where they had an opportunity to make a credibility determination."). Finally, the written consent form executed after the seizure of the firearm is probative of the voluntariness of Ms. Zunun's earlier oral consent. Accordingly, construing the evidence at the suppression hearing in the light most favorable to the Government and giving due deference to the district court's credibility determinations, we conclude that the district court did not clearly err in finding that the agents discovered and seized the firearm during a lawful consent search of Gomez-Zunun's residence.[*]

---

[*] Because we conclude that the search of Gomez-Zunun's residence was constitutional based on Ms. Zunun's consent, we need not address the district court's alternative holdings that the agents seized the firearm during a lawful protective sweep or that the plain-view discovery of ammunition and a holster in the living room gave the agents probable cause and exigent circumstances to search the bedroom.

6

We therefore affirm the district court's denial of the motion to suppress and affirm the court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*